UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SONGYING CAO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-05033-DAD-SCR<br><br>ORDER GRANTING WRIT OF *HABEAS CORPUS*; DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DENYING RESPONDENTS' MOTION TO DISMISS AS MOOT<br><br>(Doc. Nos. 1, 2, 9) |

On June 30, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (*Cao v. Warden, California City Correctional Center*, No. 1:26-cv-05033-DAD-SCR ("*Cao II*") Doc. No. 1) and a motion for temporary restraining order (*Cao II* Doc. No. 2) challenging his detention by United States Immigration and Customs Enforcement ("ICE"). On July 10, 2026, respondents filed a combined motion to dismiss and response to the petition (*Cao II* Doc. No. 9), as well as a notice of related cases (*Cao II* Doc. No. 8). On July 14, 2026, the court ordered that this case be related and reassigned to the undersigned. (*Cao II* Doc. No. 10.) In that order, the court also directed respondents to inform the court no later than Wednesday, July 15, 2026 at 5 p.m. of the status of petitioner's removal proceedings, including whether petitioner has in fact filed an appeal of his removal order, supported by documentation or

declaration if possible.  (*Id.* at 2.)  On July 16, 2026, following respondents' failure to file the requested information as directed, the court issued an order requiring respondent to show cause in writing no later than July 16, 2026 at 5:00 p.m. why this court's order was not followed and warned that failure to timely show cause would result in the court summarily granting the petition.  (*Cao II* Doc. No. 11.)  As of the date and time of the signing of this order, July 16, 2026 at 2:20 p.m., respondents have failed to respond to either of the court's orders.

Local Rule 110 provide that failure to comply with "any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  L.R. 110; *see also Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment.").  The court will therefore grant petitioner's *habeas* petition on the merits.

In addition to respondents' failure to respond to the court's order to show cause, the court considers the merits of petitioner's *habeas* petition.  The court finds the following facts based on the briefing before the court.  Petitioner was issued a notice to appear for removal proceedings on September 21, 2023.  (*Cao II* Doc. No. 1 at 84.)  He was released from immigration detention and enrolled in alternatives to detention on October 4, 2023.  (*Id.* at 119.)  Petitioner states that he was re-detained by ICE on December 15, 2025, while attending a scheduled immigration appointment. (*Id.* at ¶ 15.)  Petitioner was ordered removed on June 8, 2026 and timely appealed his removal order on June 23, 2026.  (*Id.* at ¶ 3; *see Cao II* Doc. No. 9-2 at 12–13.)

On February 11, 2026, petitioner filed his initial petition for writ of *habeas corpus* and a motion for temporary restraining order.  (*Cao v. Noem*, No. 1:26-cv-01225-DAD-SCR ("*Cao I*") Doc. Nos. 1, 2.)  On February 17, 2026, the court granted petitioner's motion for temporary restraining order in part and ordered that petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226(a).  (*Cao I* Doc. No. 12.)  The court denied petitioner's request for his immediate release without prejudice.  (*Id.*)  Petitioner was provided a bond hearing on March 3, 2026, however the immigration judge found that he lacked jurisdiction to consider bond.  (*Cao II* Doc.

No. 1 at 165.)  After filing a motion to enforce judgement (*Cao I* Doc. No. 16), petitioner was provided a bond hearing pursuant to § 1226(a) on April 13, 2026 (*Cao II* Doc. No. 1 at ¶ 17).  On June 26, 2026, the court dismissed *Cao I* without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and the court denied petitioner's motion to enforce judgement as moot. (*Cao I* Doc. No. 21.)

As noted above, petitioner filed a subsequent petition for writ of *habeas corpus* on June 30, 2026.  (*Cao II* Doc. No. 1.)  Therein, petitioner provides additional information not available to the court when it ruled on petitioner's motion for temporary restraining order filed in *Cao I*. Specifically, petitioner provides evidence that he was previously released by immigration authorities on September 21, 2023.  (*Id.* at 84, 119.)  In light of petitioner's prior release by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior orders *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process.  Further, the court incorporates and adopts the reasoning set forth in *Anderson v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3–4 (E.D. Cal. Mar. 24, 2026), in which the court concluded that a post-deprivation bond hearing provided months after petitioner's detention and only after the petitioner sought federal habeas relief does not satisfy due process where due process required a pre-deprivation hearing.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (*Cao II* Doc. No. 1) is GRANTED as follows:

     a.      Respondents are ORDERED to immediately release petitioner Songying Cao, A-File No. 245-253-805, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention;

/////

/////

3

      b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (*Cao II* Doc. No. 2) and respondents' motion to dismiss (*Cao II* Doc. No. 9) are DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 17, 2026**                       _____

                                             DALE A. DROZD
                                           UNITED STATES DISTRICT JUDGE